Sneed, J.,
delivered the opinion of the court.
The defendant was entitled in remainder to certain lots in the City of Memphis, which the tenant for life had leased to one Canovan.
The defendant being then a minor, his guardian joined in the lease, and with the, life tenant, bound the lessee to improve the lots, and stipulated to pay the value of such improvements on the .termination of the lease.
The lessee sub-let' the premises to Barrett,- the petitioner in this case, and Barrett agreed to improve them to the amount of $10,000, the-lessor covenanting with Barrett that, on the termination of the lease, he should be paid the value of his improvements.
The remainderman was at this time still a minor.
Under this lease, Barrett erected improvements costing about $20,000.
The life estate having fallen in, and the remain-derman coming of age, he applied by petition to the chancery court, where a litigation touching the rents of the property was pending, praying to be let into possession; whereupon, Barrett set up, by petition, his claim for the value of his improvements, under the stipulations of the leases, which was rejected by the Chancellor, and the petition dismissed.
Barrett has appealed.
We are of opinion that this decree was right.
*568 The doctrine has never obtained iu this State, tha* a guardian has a right, by virtue of his mere statutory trust, to bind the • infant, or his lands, for improvements put upon the lands.
The whole scope of the guardian’s powers in respect to his ward’s lands, is stated and defined in the statute, so far as improvements are concerned; Code, sec, 2516.
Certainly no such case as this is contemplated by the statute.
There are cases involving fraud or mala fides on the part of the infant, where a court of equity would interfere for the indemnity of a tenant -who had in good faith placed valuable improvements upon the estate. But such a case is not presented here. So far as this defendant is concerned, he stands before a court of equity with clean hands, and there is no room for relaxing the rule.
The arguments and authorities of the petitioner’s counsel have been carefully considered, and the whole doctrine has recently been under review in other cases.
A more elaborate opinion in the case may be prepared at a more convenient time.
Affirm the decree.